CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Mariana Express Lines, Ltd.

**FILED**
DISTRICT COURT OF GUAM

JUN 2 0 2007

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

**07-00016**

| | |
|---|---|
| MARIANA EXPRESS LINES, LTD., | CIVIL CASE NO. _____ |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| FOREMOST FOODS, | |
| Defendant. | |

1.      The Court has jurisdiction pursuant to 28 U.S.C. Section 1333.

2.      Venue is proper in this Judicial District pursuant to 28 U.S.C. Section 1391(b).

3.      This is an admiralty and maritime action within the meaning of Fed. R. Civ. P. 9(h).

4.      Plaintiff Mariana Express Line, Ltd. ("MELL") is a duly organized corporation lawfully conducting business in Guam providing international transportation of goods by sea.

5.    Defendant Foremost Foods is on information and belief a duly organized corporation with a principal place of business on Guam. Foremost trades in certain commodities, including orange juice.

6.    Prior to July 2004 MELL provided multiple instances of ocean freight services to Foremost facilitated by its Guam-based shipping agency, CTSI Logistics, Inc. ("CTSI"), and ocean-going vessels MELL has under charter.

7.    In July 2004 Foremost arranged to purchase a cargo of frozen orange juice concentrate from its supplier of that product, Cargill Juice Trading BV ("Cargill"), located in Amsterdam, Netherlands.

8.    Cargill warehouse workers packed the container and the container was then shipped to Foremost in Guam by way of ocean-going vessel via Hong Kong. An ocean Bill of Lading was issued for the shipment.

9.    MELL was to provide the Hong Kong to Guam segment of the ocean transportation using a vessel it has under charter. Carriage from point of origin to Honk Kong was on another carrier.

10.    During loading operations Cargill warehouse workers loaded the frozen juice concentrate into a general purpose, non-refrigerated container. MELL did not provide the container and had no involvement in the loading operation. Rather, the warehouse workers were Cargill employees.

11.    The loaded container was then placed on a vessel bound for Hong Kong where it would be transshipped to MELL's Guam-bound vessel for delivery to Foremost. However, the transshipment did not occur because it was discovered that the frozen juice concentrate had thawed in the non-refrigerated container and was no longer fit for consumption. The frozen juice concentrate was condemned and disposed of at Hong Kong.

12. Cargill invoiced Foremost $26,693.28 for the product, notwithstanding that Foremost did not receive it and that fault for loading frozen product into a non-refrigerated container rested entirely with Cargill.

13. Notwithstanding Foremost did not receive the product and that Cargill had loaded the frozen juice concentrate into a non-refrigerated container, Foremost paid Cargill $26,693.28.

14. At the time of these events Foremost already owed MELL $29,434.07 for ocean freight for past shipments MELL had delivered to Foremost without incident.

15. To recoup the $26,693.28 it had voluntarily paid to Cargill for product never received, Foremost setoff that amount against the $29,434.07 Foremost owed MELL for previously delivered shipments. MELL had provided all such previous shipments and ocean transportation under ocean bills of lading. Though MELL made repeated demands for payment of past due freight, Foremost, without legal cause or justification, refused to pay. Foremost's refusal to pay was and is wanton and willful and in utter disregard for MELL's right to be paid for previously provided ocean freight. Foremost used and is using its voluntary payment to Cargill as an "excuse" not to pay MELL.

16. In addition, Foremost refused and refuses to pay MELL the freight due on this particular shipment of frozen juice concentrate, $2,218.00. Pursuant to the Bill of Lading, such freight is due and payable to MELL notwithstanding the cargo was condemned and disposed of and that Foremost may have a claim for loss of cargo. Though MELL made repeated demands for such payment, Foremost, without legal cause or justification, refused to pay. Foremost used and is using its voluntary payment to Cargill as an "excuse" not to pay MELL.

17. At Hong Kong MELL was assessed and paid certain charges and disposal fees for the disposal of the juice concentrate, which was condemned by Hong Kong authorities.

MELL also incurred other expenses related to the incident in amounts to be proven at trial.

18.     Under the ocean bills of lading for this shipment as well as all previous shipments, Foremost is liable for costs and consequences arising out of the delay in paying, including interest which accrues until payment, and MELL's legal fees and costs.

## COUNT I:  BREACH OF MARITIME CONTRACT

19.     MELL realleges paragraphs 1-18.

20.     Each time MELL provided ocean transportation of goods to Foremost it was pursuant to an ocean bill of lading which is in essence a maritime contract for carriage of goods by sea.

21.     Foremost's refusal to pay MELL the freight due is a breach of maritime contract and the proximate cause of MELL's losses and damages.

22.     Foremost is liable to MELL for all damages stemming from such breach, including all costs and consequences arising out of the delay in paying, including interest which accrues until payment, and legal fees and costs.

23.     MELL's total contract damages will be established according to proof at trial.

## COUNT II:  BREACH OF CONTRACT

24.     MELL realleges paragraphs 1-23.

25.     Each time MELL provided ocean transportation of goods to Foremost it was pursuant to a contract for carriage of goods by sea.

26.     Foremost's refusal to pay MELL the freight due is a breach of contract and the proximate cause of MELL's losses and damages.

27.     Foremost is liable to MELL for all damages stemming from such breach, including all costs and consequences arising out of the delay in paying, including interest which

accrues until payment, and legal fees and costs.

28. MELL's total contract damages will be established according to proof at trial.

## COUNT III: UNJUST ENRICHMENT AND QUANTUM MERUIT

29. MELL realleges paragraphs 1-28.

30. Each time MELL provided ocean transportation of goods to Foremost it conferred a benefit on Foremost, for which Foremost must pay.

31. Foremost's refusal to pay for the ocean transportation services provided by MELL results in Foremost being unjustly enriched at MELL's expense, and is the proximate cause of MELL's losses and damages.

32. Foremost's refusal to pay for the ocean transportation services provided by MELL results in Foremost also being liable to MELL on the basis of *quantum meruit.*

33. The measure of Foremost's unjust enrichment and the amount of compensation due MELL on *quantum meruit* will be established according to proof at trial.

## COUNT IV: CONVERSION - PUNITIVE DAMAGES

34. MELL realleges paragraphs 1 -33

35. Foremost's refusal to pay MELL for previously delivered shipments over which there is no dispute is bad faith wanton and willful conduct with utter disregard for MELL's right to be paid for services provided. Foremost is simply using its voluntary payment to Cargill as an excuse not to pay MELL money rightfully due and belonging to MELL.

36. Foremost's conduct constitutes conversion and is the proximate cause of MELL's losses and damages the amount of which will be shown at trial.

37. Foremost's conduct warrants imposition of punitive damages in an amount to be determined at trial

## COUNT V: DECEIT AND / OR INTENTIONAL MISREPRESENTATION

38.     MELL realleges paragraphs 1-36.

39.     Foremost voluntarily paid Cargill $26,693.28 for product it never received, notwithstanding Cargill being at fault for the loss.

40.     On information and belief, Foremost made such payment to Cargill to preserve its business relationship with Cargill and to ensure that it did not lose Cargill as its source of frozen orange juice concentrate. Foremost then used this payment to Cargill as an excuse to not pay MELL. In other words, Foremost enhanced and maintained its business relationship with Cargill at MELL's expense, all the while falsely and intentionally claiming and misrepresenting that MELL was responsible for the loss of the orange juice.

41.     Foremost's conduct as described above constitutes deceit and intentional misrepresentation and is the proximate cause of MELL's losses and damages, the amount of which will be shown at trial.

42.     Foremost's conduct described above warrants an award of punitive damages in an amount to be determined at trial.

Wherefore, MELL prays for relief as follows:

1.     Judgment on all counts against Foremost.

2.     For general and consequential damages as are established at trial.

3.     For contract damages including interest, consequential damages, and costs as are established at trial.

4.     For attorneys fees and taxable costs.

5.     For punitive damages in an amount to be determined at trial but in any event not less two times the actual and consequential damages.

6. For such other and further relief as the Court deems appropriate.

DATED: Hagåtña, Guam, June 20, 2007.

CARLSMITH BALL LLP

_David Ledger_

DAVID LEDGER
ELYZE J. McDONALD
Attorneys for Plaintiff
MARIANA EXPRESS LINES, LTD.

## DECLARATION UNDER 28 U.S.C SECTION 1746(1)

I, DESMOND AW am authorized by Mariana Express Line, Ltd. to make this declaration. My residence and place of business are located in the Republic of Singapore.

I have read the foregoing **VERIFIED COMPLAINT AGAINST FOREMOST FOODS** and, to the best of my knowledge, the information stated therein is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___19___ day of June 2007 at Singapore.

_____

DESMOND AW

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

07-00016

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARIANA EXPRESS LINES, LTD.

## DEFENDANTS
FOREMOST FOODS

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David Ledger, Esq. CARLSMITH BALL LLP
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Hagatna, Guam 96910     #(671) 472-6813

Attorneys (If Known)
Unknown at this time

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
       Plaintiff

☐ 3   Federal Question
       (U.S. Government Not a Party)

☐ 2   U.S. Government
       Defendant

☐ 4   Diversity
       (Indicate Citizenship of Parties in Item III)

** (Other) 28 USC Section 1333

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| XX 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

XXX 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: **Breach of marine contract for carriage of goods by sea; conversio**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
Contract damages/
tort damages

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   XX No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____     DOCKET NUMBER _____

DATE
June 20, 2007

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

ORIGINAL