THOMAS C. STERLING
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendant Foremost Foods*

FILED
DISTRICT COURT OF GUAM
JUL 24 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| MARIANA EXPRESS LINES, LTD., | ) | CIVIL CASE NO. 07-00016 |
| Plaintiff, | ) | |
| vs. | ) | **ANSWER** |
| FOREMOST FOODS, | ) | |
| Defendant. | ) | |

**COMES NOW** Defendant **FOREMOST FOODS** (hereinafter referred to as the "Defendant") and in answer to the Complaint herein admits, denies, and alleges as follows:

1.  Defendant admits the allegations contained in paragraphs 1, 2, 3, 5, 6, 7, 11, and 13.

2.  Defendant lacks sufficient information and belief to formulate a response to paragraphs 8, 10, and 17 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

3.  In response to paragraph 12, Defendant admits only that Cargill invoiced it for the product but Defendant denies generally

and specifically each and every other allegation contained in said paragraph.

4. In response to paragraph 14, Defendant admits only that amounts were owed to MELL for prior shipments but Defendant lacks sufficient information and belief as to whether the $29,434.07 alleged in the Complaint is correct as of the "time of these events" and, for that reason, Defendant denies generally and specifically the amount alleged to have been owed at that time.

5. In response to paragraph 15, Defendant admits only that it set-off the amount it had paid to Cargill against amounts otherwise owed to MELL but Defendant denies generally and specifically each and every other allegation contained in said paragraph.

6. Defendant denies generally and specifically each and every allegation contained in paragraph 18 inasmuch as the terms and conditions of the bills of lading are set forth in the bills of lading themselves.

7. Defendant denies generally and specifically each and every allegation contained in paragraphs 9 and 16.

**COUNT ONE**

8. In response to paragraph 19, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 18, inclusive.

9. Defendant admits the allegations contained in paragraph 20.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

10. Defendant denies generally and specifically each and every allegation contained in paragraphs 21, 22, and 23.

**COUNT TWO**

11. In response to paragraph 24, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 23, inclusive.

12. Defendant admits the allegations contained in paragraph 25.

13. Defendant denies generally and specifically each and every allegation contained in paragraphs 26, 27, and 28.

**COUNT THREE**

14. In response to paragraph 29, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 28, inclusive.

15. Defendant denies generally and specifically each and every allegation contained in paragraphs 30, 31, 32, and 33.

**COUNT FOUR**

16. In response to paragraph 34, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 33, inclusive.

17. Defendant denies generally and specifically each and every allegation contained in paragraphs 35, 36, and 37.

**COUNT FIVE**

18. In response to paragraph 38, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 37, inclusive.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

19. Defendant denies generally and specifically each and every allegation contained in paragraphs 39, 40, 41, and 42.

### FIRST AFFIRMATIVE DEFENSE

The claims set forth in the Complaint fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims, and each of them, are barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff was at fault for the loss at issue inasmuch as it breached its duty to furnish seaworthy containers that were reasonably suitable for the shipment of frozen concentrated orange juice.

### FOURTH AFFIRMATIVE DEFENSE

The tort claims alleged in this action are barred by the economic loss rule.

**WHEREFORE**, Defendant **FOREMOST FOODS** prays judgment as follows:

1. That Plaintiff take nothing by its Complaint;

2. For reasonable attorneys' fees incurred in the defense of this action based upon whatever authority Plaintiff relies upon in asserting its claim for recovery of such fees;

//

//

//

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

**DATED** this 24th day of July, 2007.

          **BLAIR STERLING JOHNSON**
            **MARTINEZ & LEON GUERRERO**
          A PROFESSIONAL CORPORATION

BY: _____
      **THOMAS C. STERLING**
      *Attorneys for Defendant Foremost Foods*

E56\21695-12
G:\WORDDOC\PLD\TCS\321-ANSWER RE MARIANA EXPRESS LINES LTD V FOREMOST FOODS.DOC